# EXHIBIT D

12/15/2020 9:25 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48949372
By: D Burton
Filed: 12/15/2020 9:25 AM

CAUSE NO. _____

| | | |
|---|---|---|
| LEW V. HENLEY II | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC. | § | |
| | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LEW V. HENLEY II, Plaintiff herein, complaining of Defendant, UNITED AIRLINES, INC., and for cause of action, Plaintiff would respectfully show the Court the following:

I.

Plaintiff is a resident of St. Thomas, Virgin Island, United States.

Defendant, UNITED AIRLINES, INC., is a corporation doing business in the state of Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

II.

Venue is proper in this Court in that a substantial part of the events or omissions giving rise to the cause of action at issue occurred in Harris County, Texas.

III.

Plaintiff would show that on or about June 6, 2020, Plaintiff purchased a flight with disability services/ wheelchair assistance. An employee of Defendant, United Airlines, Inc., arrived late to take Plaintiff to his flight and was rushing to the gate when he went over a bump causing

Plaintiff's legs to fall on the ground, at this time, Defendant's employee who was operating the wheelchair continued moving forward, pushing the wheelchair over Plaintiff's foot/feet, and caused injuries to Plaintiff. Defendant's negligence and failure to properly train and supervise its employees, and properly provide adequate services, and necessary equipment and care resulted in Plaintiff suffering severe and permanent injuries to his knee, ankle and body generally.

IV.

Plaintiff would further show that he was gainfully employed at the time of the accident in question and has suffered damages from loss of earnings and loss of earning capacity in the past and that his capacity to earn wages in the future has been substantially impaired and injured as a result of this accident.

V.

Plaintiff would show that the incident made the basis of this suit, his injuries and damages arose from the negligence of the Defendant, through their respective agents, servants and/or employees.

Plaintiff further alleges that Defendant, their agents, servants and/or employees negligently caused or permitted such condition to exist, in spite of the fact that Defendant's agents, servants and/or employees knew, or in the exercise of ordinary care should have known, of the existence of the dangerous condition and that there was a likelihood of someone being injured as happened to the Plaintiff.

Further, Defendant, their agents, servants and/or employees were guilty of certain acts and/or omissions, each and all amounting to reckless and/or negligence. Said acts and/or omissions include, without limitation, the following:

2

a.    In failing to foresee the likelihood of injury imposed by its respective agents, servants and/or employees;

b.    In failing to control the conduct of the its respective agents, servants and/or employees;

c.    In failing to properly train its respective agents, servants and/or employees;

d.    In failing to use ordinary care to prevent foreseeable injury;

e.    In failing to use ordinary care in taking precautions to protect the safety of others;

f.    In failing to implement or install proper safety devices to prevent foreseeable injury to others;

g.    In failing to use an adequate wheelchair with proper support to the feet;

h.    In failing to provide reasonably safe services for its invitees, business invitees and/or others; and

h.    In committing various acts and/or omissions of negligence, both statutory and common law, to be specified in detail at the time of trial.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in combination, was a proximate cause of Plaintiff's injuries and damages, which are described below.

## VI.

As a proximate result of the incident made the basis of this suit and Defendant's reckless and/or negligent acts and/or omission, Plaintiff brings this suit against the Defendant individually and/or through their respective agents, servants, and/or employees to recover damages for the following:

(1)    Past medical bills and expenses incurred as a proximate result of the accident made the basis of this suit;

(2)    Future medical bills and expenses that in all reasonable probability will be incurred as a proximate result of the accident made the basis of this suit;

3

(3)     Mental anguish, physical pain and suffering, disability, and loss of enjoyment of life in the past and all reasonable probability, would be sustained in the future;

(4)     Physical impairment in the past and in the future;

(5)     Loss of earnings and loss of earning capacity;

(6)     Disfigurement in the past;

(7)     Disfigurement in the future;

(8)     Pre-judgment and post-judgment interest; and

(9)     Such other and further items of damages as may be supplemented as a result of the discovery performed in this suit.

The above-listed elements of damages were brought about to occur and were proximately caused by the reckless and/or negligent acts and/or omission of the Defendant herein.

VII.

Plaintiff would further show that at all times material hereto, Defendant's agents, servants, and/or employees were acting within the course and scope of their employment with Defendant, UNITED AIRLINES, INC., and for the financial benefit of Defendant, and Defendant is vicariously liable for any and all acts of negligence on the part of Defendant agents, servants, and/or employees under the doctrine of *respondeat superior*.

VIII.

Although the amount to be awarded herein to Plaintiff for his actual damages is a matter lying largely within the discretion of the jury, Plaintiff would show that said amount greatly exceeds the minimum jurisdiction of this Honorable Court. In this regard, Plaintiff requests that the Jury award him fair and reasonable compensation for Plaintiff's damages. Based on the information currently available to Plaintiff, Plaintiff seeks monetary relief according to Texas Rules of Civil Procedure 47(c)(5) to fairly and reasonably compensate him for his injuries, damages and losses.

4

IX.

Plaintiff further alleges that the Defendant's acts and/or omissions, directly and/or indirectly, as described herein, were the result of the Defendant's heedless and reckless disregard for the safety of Plaintiff. The Defendant's acts and/or omissions when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others. By reason of the Defendants' gross negligence and malice, Plaintiff hereby seeks recovery of exemplary damages.

X.

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

XI.

## WRITTEN DISCOVERY

## REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

## REQUEST FOR ADMISSIONS

Plaintiff's Request for Admissions to Defendant United Airlines, Inc., is attached as "Exhibit A."

## INTERROGATORIES

Plaintiff's Interrogatories to Defendant United Airlines, Inc., is attached as "Exhibit B."

5

## REQUESTS FOR PRODUCTION

Plaintiff's Requests for Production to Defendant United Airlines, Inc., is attached as "Exhibit C."

XII.

## RULE 193.7 NOTICE

Plaintiff intends to use all Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be duly cited in terms of law to appear and answer herein, and that upon final hearing, Plaintiff has judgment against said Defendant, which are within the minimal jurisdictional limits of this Court, for both pre- and post-judgment interest thereon at the legal rate, exemplary damages, for cost of court, and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

6

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Telefax: (409) 813-8605


By:  /s/ *Fabiana Baum*
       FABIANA BAUM
       State Bar No. 24101489
       fbaum@pulf.com

ATTORNEY FOR PLAINTIFF

7

# EXHIBIT "A"

CAUSE NO. _____

| | | |
|---|---|---|
| LEW V. HENLEY II | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC. | § | |
| | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

TO:   DEFENDANT, UNITED AIRLINES, INC., BY AND THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201.

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, Plaintiff requests that, on the fiftieth (50th) day after the date of receipt of these requests, you deliver or cause to be delivered to the undersigned a sworn statement, either admitting or denying specifically the facts hereinafter listed or setting forth in detail the reasons why you cannot truthfully either admit or deny such facts. Each of the facts hereinafter listed shall be deemed admitted unless you deliver or cause to be delivered a sworn statement in response as provided in Rule 198.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 813-8605

By:   /s/ Fabiana Baum
          FABIANA BAUM
          State bar No. 24101489
          fbaum@pulf.com

ATTORNEY FOR PLAINTIFF

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

1.    Defendant has been properly named and served in this lawsuit.

**ANSWER:**

2.    Plaintiff was, at the time of the alleged occurrence, an invitee of the Defendant.

**ANSWER:**

3.    Defendant was operating the wheelchair on which the alleged incident occurred.

**ANSWER:**

4.    Defendant does have in its actual or constructive possession photographs of the scene of the accident.

**ANSWER:**

5.    Defendant has in its actual or constructive possession statements of any witnesses to the occurrence in question.

**ANSWER:**

6.    The incident in question occurred on June 06, 2020.

**ANSWER:**

7.    Plaintiff's injuries as described in his Original Petition were proximately caused by negligence of the Defendant.

**ANSWER:**

8.    Defendant has in its actual or constructive possession custody or control, a report or reports regarding or referring to the incident which has made the basis of this suit.

**ANSWER:**

9.      Plaintiff was not contributorily negligent nor a proximate cause of his injuries.

**ANSWER:**

10.     It was Defendant's responsibility to operate the wheelchair that injured Plaintiff.

**ANSWER:**

11.     Defendant failed to choose the proper wheelchair with feet support.

**ANSWER:**

10.     It was Defendant's responsibility to transport the Plaintiff inside the airport when the incident occurred.

**ANSWER:**

11.     Defendant received payment from Plaintiff to provide wheelchair assistance.

**ANSWER:**

14.     Defendant offered the wheelchair assistance to its customers.

**ANSWER:**

15.     Defendant chose the wheelchair that transported Plaintiff.

**ANSWER:**

16.     Defendant showed up later to transport Plaintiff to the gate.

**ANSWER:**

17.     Defendant was informed of the level and type of assistance Plaintiff would require.

**ANSWER:**

# EXHIBIT "B"

CAUSE NO. _____

| | | |
|---|---|---|
| LEW V. HENLEY II | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC. | § | |
| | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:   DEFENDANT, UNITED AIRLINES, INC., BY AND THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201.

Plaintiff hereby makes request in accordance with the Texas Rules of Civil Procedure, that Defendant answer each and all of the following Interrogatories within fifty (50) days after the service of a copy hereof upon you.  You are further notified that these Interrogatories are continuing by nature, requiring supplemental answers as required by said Rule.

In answering these Interrogatories, the Defendant must furnish all requested information not subject to a valid objection, that is known by, possessed by, or available to Defendant or any of Defendant's attorneys, consultants, representatives, or other agents.

If the Defendant is unable to answer fully any of these Interrogatories, it should answer them to the fullest extent possible, specifying the reason(s) for the inability to answer the remainder, and stating whatever information, knowledge or belief he has concerning the unanswerable portion.  An evasion or incomplete answer is deemed to be a failure to answer and may render the Defendant, its attorney, or both, liable for the expenses of a Motion, pursuant to T.R.C.P. 215.

The Defendant must object separately to each sub-part if objecting to less than all of the sub-parts of a numbered Interrogatory, then Defendant must answer the remaining sub-parts.  In addition, if the Defendant objects to an Interrogatory, or sub-part thereof as calling for information

which is beyond the scope of discovery, (e.g., "not reasonably calculated to lead to the discovery of admissible evidence", "work product", "unduly burdensome", etc.), Defendant must, nevertheless, answer the Interrogatory or sub-part thereof to the extent that it is not objectionable.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 813-8605

By:   _/s/ Fabiana Baum_
      FABIANA BAUM
      State bar No. 24101489
      fbaum@pulf.com

ATTORNEY FOR PLAINTIFF

## DEFINITIONS

As used in this set of Interrogatories, the following terms mean:

1.    "YOU," "YOUR," "YOUR COMPANY," or "DEFENDANT" means the corporate defendant separately answering these Interrogatories, its parent(s), its merged, consolidated, or acquired predecessors, divisions, subsidiaries, and/or affiliates, including present and former officers, directors, agents, employees, and all other persons acting or purporting to act on behalf of the corporate defendant or its predecessors, subsidiaries and/or affiliates. These words also include all agents, employees, representatives, attorneys, and all other persons acting on Defendant's behalf.

2.    "YOU INDIVIDUALLY" refers to the person answering these Interrogatories as an individual and not to any of his nor the Defendant's attorneys, consultants, representatives, or other agents.

3.    "PERSON" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body or any organization, business or legal entity, and all predecessors or successors in interest.

4.    "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION," are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective or whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative or private entity or person.  Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated or electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems.  For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence' credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers;

expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps; marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases, printed matter (including published books, articles; speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements; interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disc recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recordings of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes; telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested. "This request specifically requests all responsive electronic and/or magnetic data, including emails, electronic data, tapes, CD's, MPEG's, JPG's, and all other electronic data. Moreover, this request specifically seeks any deleted information from these specifically identified fields of data, including any deleted emails."

5.   "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical discs, "floppy discs," CD-ROM discs, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind.  The term "communication" also includes, without limitations all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases. "This request specifically requests all responsive electronic and/or magnetic data, including emails, electronic data, tapes, CD's, MPEG's, JPG's, and all other electronic data.  Moreover, this request specifically seeks any deleted information from these specifically identified fields of data, including any deleted emails."

6.    "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by mutation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 1999 to the present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all file, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

7.    "DESCRIBE" and "IDENTIFY" when referring to a person, are defined to require that you state the following:

    a.    the full name;
    b.    present or last known residential address;
    c.    the present or last known residential or office telephone numbers; and
    d.    the present occupation, job title, employer and employer's address at the time of the event or prior.

8.    "AND" means "and/or."

9.    "OR" means "or/and."

10.    "CONCERNING" means in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

11.    "DATE" refers to the date of the occurrence as in alleged in Plaintiff's Petition.

12.    "PLAINTIFF" or "LEW V. HENLEY II" means plaintiff, his agents, representatives, or other person acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

13.    "DEFENDANT" or "UNITED AIRLINES, INC.," means defendant, its agents, representatives, or any other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

14.    "OCCURRENCE," "ACCIDENT," and/or "INCIDENT" means the incident made the basis of this suit as alleged in Plaintiff's Petition.

15.    "STATEMENTS" means any written or graphic statement signed or otherwise adopted or

proved by the person making it, any stenographic, mechanical, electrical or other recording or transcription thereof including videotapes which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recording it.

## INTERROGATORIES

1. Please identify yourself fully, giving your full name, residence, business address, date of birth, social security number and occupation.

**ANSWER:**

2. Was the Defendant transporting the Plaintiff on a wheelchair at the time of the occurrence made the basis of this lawsuit?

**ANSWER:**

3. Who was responsible for choosing the wheelchair that transported the Plaintiff?

**ANSWER:**

4. Who oversaw and managed the staff that transported customer with disability or special needs for the Defendant?

**ANSWER:**

5. What Defendant's employee(s) was(were) responsible for the training and supervision of the staff transporting customers in the airport on the day of the incident in question?

**ANSWER:**

6. Who (company or person) possesses the wheelchairs that United made use to serve its customer with special needs or disability?

**ANSWER:**

7. Who assisted Plaintiff after the incident?

**ANSWER:**

8. Please describe in full detail how the Plaintiff's alleged occurrence made the basis of this lawsuit happened, giving all events in detail in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

**ANSWER:**

9. Please state in complete detail the facts which form the basis for whatever legal relationship the Defendant claims the Plaintiff had with the Defendant at the time of the alleged occurrence, indicating whether tenant, social guest, business invitee, licensee, trespasser or otherwise.

**ANSWER:**

10. Did you or any agent or employee of the Defendant or anyone known to you see or witness any part or all of the alleged occurrence?  If so, please state:

   (a) The name and address of each person who saw or witnessed any part of the alleged occurrence;
   (b) Describe in as much detail as possible everything that was seen or noticed by each such person;
   (c) State where, in relation to the exact location of the occurrence, each such person was at the time of any such witnessing of the occurrence.

**ANSWER:**

11. State separately the names, address, employers and telephone numbers of any and all persons known to you or to anyone acting on your behalf, who saw or heard or claim to have seen or heard any of the events or happenings that occurred immediately before, at the time of, or immediately after this incident.

**ANSWER:**

12. Did you or anyone acting on your behalf investigate the incident that is the subject of this lawsuit?  If so, please state the findings or conclusions of any such investigation.

**ANSWER:**

13. State separately the names, addresses, employers and telephone numbers of any and all persons known to your or to anyone acting on your behalf, who investigated the events or happenings that occurred in connection with this incident.

**ANSWER:**

14. Do you, your attorneys, or investigators, or anyone acting on your behalf, have any photographs taken of any of the physical or mechanical objects or of the persons involved in this incident?

**ANSWER:**

15. State the name and address of every person known to you, your agents, or attorneys who have heard or purported to have heard the Plaintiff make any statement, remark, or comment concerning the occurrence described in the petition.

**ANSWER:**

16. Describe, in detail, Defendant's standard practices and procedures regarding transportation inside the airport of customers with disability and/or special needs who requires assistance at the airport.

**ANSWER:**

# EXHIBIT "C"

CAUSE NO. _____

| | | |
|---|---|---|
| LEW V. HENLEY II | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC. | § | |
| | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:   DEFENDANT, UNITED AIRLINES, INC., BY AND THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201.

Pursuant to the Texas Rules of Court, request is hereby made that the following documents and things be produced in the law offices of PROVOST ★ UMPHREY, 490 Park Street, P. O. Box 4905, Beaumont, Texas; to counsel for the Plaintiff no later than fiftieth (50) days after the receipt of same.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
Fax (409) 813-8605

By:   _/s/ Fabiana Baum_____
      FABIANA BAUM
      State bar No. 24101489
      fbaum@pulf.com

ATTORNEY FOR PLAINTIFF

## A. INSTRUCTIONS

1.  For each document or other requested information that you assert is privileged, or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other grounds for exclusion. Also, for each document state the date of the document, the name, job title and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, address, and job title of the person now in possession of the document; and the description of the subject matter of the document.

2.  For any requested information about a document that no longer exists, or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also identify each person having knowledge about the disposition or loss and identify each document evidencing the existence or non-existence of each document that cannot be located.

## B. DEFINITIONS

1.  "YOU," "YOUR," "YOUR COMPANY," or "DEFENDANT" means the corporate defendant separately answering these Interrogatories, its parent(s), its merged, consolidated, or acquired predecessors, divisions, subsidiaries, and/or affiliates, including present and former officers, directors, agents, employees, and all other persons acting or purporting to act on behalf of the corporate defendant or its predecessors, subsidiaries and/or affiliates. These words also include all agents, employees, representatives, attorneys, and all other persons acting on Defendant's behalf.

2.  "YOU INDIVIDUALLY" refers to the person answering these Interrogatories as an individual and not to any of his nor the Defendant's attorneys, consultants, representatives, or other agents.

3.  "PERSON" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body or any organization, business or legal entity, and all predecessors or successors in interest.

4.  "DOCUMENT," "DOCUMENTS" and "DOCUMENTATION," are used in their broadest sense and mean all written, printed, typed, recorded, or graphic matter of every kind and description, source and authorship, both originals and all non-identical copies thereof, and all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto, in your possession, custody or control, or known by you to exist, irrespective or whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person of entity, including without limitation any government agency, department, administrative or private entity or person. Without limiting the foregoing, the terms "document" and "documents" include handwritten, typewritten, printed, photocopied, photographic or recorded, stenographic, computer-generated or

electronically stored matters, however and by whomever produced, prepared, reproduced, disseminated or made, and includes communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instruction and other materials necessary to understand and use such systems. For purposes of illustration and no limitation, "documents" includes: accounts; advertising; affidavits; agendas; agreements; analyses; analytical records; announcements; appointment books; appraisals; articles; bills; statements and other records of obligations and expenditures; books; brochures; bulletins; calendars; checks; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; communications; compilations; confirmations; consultant's reports; contracts; corporate by-laws; corporate charters; correspondence' credit files and contents; data compilations from which information can be obtained (including matter used in data processing); deeds of trust; deposit slips, diaries, diary entries; drafts; envelopes; folders or similar containers; expense reports; facsimile transmissions; files; film tape; financial statements; forecasts; graphs; guaranty agreements; instructions, invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; letters of credit; lists; log books; logs, notes or memoranda of telephonic or face-to-face conversations; manuals; maps; marginal notations; memoranda of all kinds to and from any persons, agencies or entities; messages; microfilm; microfiche; minutes; minute books; notes; notebooks; notices; pamphlets; parts lists; papers; photographs, press releases, printed matter (including published books, articles; speeches and newspaper clippings); printouts; programs; punch cards; purchase orders; receipts; recommendations; records; records of administrative, technical and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; sell orders; sound recordings; specifications; speeches; statement of bank accounts; statements; interviews; statistical data; statistical statements, stock transfer ledger; studies; surveys; tables; tabulations; tape or disc recordings; tape programs; technical and engineering reports, evaluations; advice; recommendations; commentaries; conclusions; studies; test plans; manuals; procedures; data; reports; results and conclusions; summaries, minutes, notes and other records and recordings of any conference, meetings, visits, negotiations, statement, interviews or telephone conversations; other summaries; telegrams; teletypes; telexes and other communications sent or received; time records; telephone bills or records; trade letters; transcripts of hearings; transcripts of testimony; UCC instruments; video recordings; visitor records; vouchers; work assignments; work sheets; work papers; and all other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored or electronically stored matter, however or by whomever produced, prepared, reproduced, disseminated or made, the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested. "This request specifically requests all responsive electronic and/or magnetic data, including emails, electronic data, tapes, CD's, MPEG's, JPG's, and all other electronic data. Moreover, this request specifically seeks any deleted information from these specifically identified fields of data, including any deleted emails."

5. "COMMUNICATION" means the transmission, sending and/or receipt of information of any kind by or through any means, including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (e.g., email), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical discs, "floppy discs," CD-ROM discs, sound, radio or video signals, telecommunication, telephone teletype, facsimile, telegraph, microfilm, microfiche, photographic film of any type and other media of any kind. The term "communication" also includes, without limitations all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and press, publicity or trade releases. "This request specifically requests all responsive electronic and/or magnetic data, including emails, electronic data, tapes, CD's, MPEG's, JPG's, and all other electronic data. Moreover, this request specifically seeks any deleted information from these specifically identified fields of data, including any deleted emails."

6. "RECORD(S)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by mutation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind, created during the period 1999 to the present. Any electronic records or computer data which may exist shall be produced in ASCii comma delimited to fixed length filed format and shall include all file, records, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in Microsoft Access 95 or Microsoft Access 95, 97 or 2000 (MDB) formal Dbase (DBF) format, Excel (xls) format or ASCii comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media. Zip disk, Jaz disk, CD-ROM or 3.5" floppy disk.

7. "DESCRIBE" and "IDENTIFY" when referring to a person, are defined to require that you state the following:

   a.   the full name;
   b.   present or last known residential address;
   c.   the present or last known residential or office telephone numbers; and
   d.   the present occupation, job title, employer and employer's address at the time of the event or prior.

8. "AND" means "and/or."

9. "OR" means "or/and."

10. "CONCERNING" means in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

11.    "DATE" refers to the date of the occurrence as in alleged in Plaintiff's Petition.

12.    "PLAINTIFF" or "LEW V. HENLEY II" means plaintiff, his agents, representatives, or other person acting in concert with him, or under his control, whether directly or indirectly, including any attorney.

13.    "DEFENDANT" or "UNITED AIRLINES, INC.," means defendant, its agents, representatives, or any other persons acting in concert with it, or under its control, whether directly or indirectly, including any attorney.

14.    "OCCURRENCE," "ACCIDENT," and/or "INCIDENT" means the incident made the basis of this suit as alleged in Plaintiff's Petition.

15.    "STATEMENTS" means any written or graphic statement signed or otherwise adopted or proved by the person making it, any stenographic, mechanical, electrical or other recording or transcription thereof including videotapes which is substantially verbatim recital of an oral statement by the person making it and contemporaneously recording it.

## ITEMS TO BE PRODUCED:

1.  All investigative, accident, injury or illness reports or documents concerning the Plaintiff and/or the occurrence in question including any conclusions or findings reached in any investigative capacity.

**RESPONSE:**

2.  All documents and materials relating to employee's training and procedure to transport customers with disability.

**RESPONSE:**

3.  Any and all documents and lease agreements for wheelchairs Defendant used during the year of 2020 to transport and/or assist customers with special needs.

**RESPONSE:**

4.  Any and all contracts and agreements made with any other parties involving the wheelchair that injured the Plaintiff.

**RESPONSE:**

5.  Any and all documents regarding Defendant's policy and procedure to serve customers with disability.

**RESPONSE:**

6.  All medical reports, records, bills, receipts invoices or memorandums of whatever kind and from whatever source that are in the possession of the Defendant relating to any injury or injuries suffered by Plaintiff.

**RESPONSE:**

7.  Any and all photos, slides, moving pictures, videotapes, graphs, charts models, drawings or diagrams which pertain to the facts or issues in this case.

**RESPONSE:**

8.  Any and all photographs or pictures in Defendant's possession relating to the circumstances of Plaintiff's alleged injury or injuries, including but not limited to pictures of Plaintiff or of the occurrence made the basis of this suit.

**RESPONSE:**

9. Any and all insurance policies, agreements or contracts, including but not limited to, so-called "umbrella" excess or reinsurance coverage or policies of any other type of liability or co-insurance coverage by and through which the Defendant was or may be insured or covered in any manner to any extent for any cause of action for injuries claimed against it in this action.

**RESPONSE:**

10. All manuals, books, or writings concerning the transportation of customer with disability or need of special assistance which were in effect on the date of the incident in question.

**RESPONSE:**

11. All documents regarding the ownership of the wheelchair in question.

**RESPONSE:**

12. All manuals, employee handbooks, and any similar documents or materials regarding the operation of wheelchair when assisting customers with disability.

**RESPONSE:**

13. All statements, whether written or oral (and if oral, a transcription of said statement), signed or unsigned, made by the Plaintiffs or others regarding the occurrence or the circumstances that caused the injuries and damages set forth in Plaintiff's most recent petition on file herein.

**RESPONSE:**

14. Any and all reports, factual observations and opinions to or from any expert witnesses which Defendant intends to call to testify upon the trial of this cause

**RESPONSE:**

15. All correspondence, memos, and other tangible writings to any third party (other than your attorneys or insurance carriers) regarding the incident in question.

**RESPONSE:**

16. All correspondence, memos, and other tangible writings from any third party (other than your attorneys or insurance carriers) regarding the incident in question.

**RESPONSE:**

17.     All contracts in existence for any or all of the work being performed to assit customers with disability at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

18.     All documents, writings, correspondence, communications and other tangible items regarding the transportation of customers with disability or need for special assistance on wheelchairs.

**RESPONSE:**

20.     All documents and other tangible items regarding inspection of the wheelchair prior to the incident in question.

**RESPONSE:**

21.     All documents and other tangible items to or from any person who inspected the wheelchair in which Plaintiff got injured.

**RESPONSE:**

22.     All documents and recording from the Plaintiff requesting transportation assistance inside the airport.

**RESPONSE:**

23.     A copy of the employment record of the employee who was transporting the Plaintiff on the day of the incident in question.

**RESPONSE:**